IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHERIFF PAUL KAUPAS, DR. H. HARMSTON, DR. ELAZEGUI ROZEL, NURSE BARBARA MILLER, JOHN DOES 1-4, and CORRECT CARE SOLUTIONS, LLC, | ) ) ) ) ) | No. 13 C 50215 |
| | ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On June 28, 2013, plaintiff Edward Green ("Green"), who is currently incarcerated at the Dixon Correctional Center in Dixon, Illinois, filed a *pro se* complaint (Dkt. Nos. 1, 10) against defendants Dr. H. Harmston, Dr. Elazegui Rozel, Nurse Barbara Miller, and Sheriff Paul Kaupas. Green's original complaint alleged that he received inadequate medical care for a lung condition while he was housed at the Will County Jail.[1] (*Id.* at 6-8.) Although Green filed his complaint more than a year ago, the case failed to get off the ground because of Green's repeated failure to respond to the defendants' motions to dismiss. (Dkt. Nos. 16, 27.) On July 28, 2014, however, after receiving a letter from Green, the court denied defendants' motions to dismiss and revisited

---

[1] Green filed his complaint in the United States District Court for the Northern District of Illinois, Western Division—where the Dixon Correctional Center is located—but the court found the Eastern Division was a more convenient venue because the events underlying the complaint all took place while Green was confined at the Will County Jail, which is located in the Eastern Division. (*See* Dkt. No. 6.)

its previous denials of Green's requests for counsel. (Dkt. No. 55.) The court appointed Green pro bono counsel, who on October 3, 2014 filed an amended complaint ("Amended Complaint") (Dkt. No. 64 ("Am. Compl.")) naming Correct Care Solutions, LLC ("Correct Care") and John Does 1-4 as additional defendants. On October 24, 2014, Correct Care filed a motion to dismiss Green's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 71.) Although the court set a briefing schedule on November 13, 2014, (Dkt. No. 76), Green need not file a response. For the reasons explained below, Correct Care's motion to dismiss (Dkt. No. 71) is denied.

## RELEVANT FACTUAL BACKGROUND

Green is an Illinois state prisoner who is currently incarcerated at the Dixon Correctional Center. (Am. Compl. ¶ 3.) Between November 1, 2011 and August 30, 2012, which is the time period of the events underlying the Amended Complaint, Green was a pretrial detainee in the custody of the Will County Jail in Joliet, Illinois. (*Id.*) Correct Care was, at least at all times relevant to the allegations, a Kansas limited liability company that provided health services to inmates at the Will County Jail pursuant to an Agreement for Inmate Health Services dated January 12, 2007, as amended on November 1, 2009. (*Id.* ¶ 5.)

On November 1, 2011, Green was arrested and detained in the Will County Jail pending trial for various charges in Will County and DuPage County. (Am. Compl. ¶ 17.) During his intake at the Will County Jail, Green informed the jail staff of the prescription medications he was taking at the time. These included Letairis to treat his pulmonary arterial hypertension ("PAH"). (*Id.* ¶ 18.) PAH is a chronic, life-threatening lung condition that causes the pulmonary arteries in the lungs to narrow and places Green at high risk for pulmonary embolisms. (*Id.* ¶¶ 10-13.) PAH can result in serious and, if untreated, fatal medical conditions. (*Id.* ¶¶ 12, 14.)

Green told the intake staff that he had been taking Letairis for approximately four months prior to his incarceration to treat his lung condition, and emphasized that it was the most important of all his medications. (*Id.* ¶ 18.)

Over the next several months, Green repeatedly asked the Will County Jail medical staff to be given Letairis and emphasized that without the drug, he was likely to suffer serious medical complications. (*Id.* ¶ 20.) Despite his "dozens of pleas," the medical staff refused to provide Letairis, purportedly because Will County Jail did not have a license to dispense the drug. (*Id.* ¶¶ 21-22.) On January 20, 2012, Green was examined by his personal pulmonologist, Dr. Labadidy, who recommended that Green receive Letairis. (*Id.* ¶ 42.) On January 27, 2012, Green began violently coughing up blood and was taken to the hospital by ambulance. (*Id.* ¶ 43.) He remained in the hospital for eight days during which he was examined by Dr. Labadidy and prescribed Letairis. (*Id.* ¶ 7.) Even after his discharge, in contravention of his doctor's prescription, Will County Jail refused to provide Letairis until late July or early August of 2012 because of the purported licensing issue. (*Id.* ¶ 31.) According to Green's Amended Complaint, however, there was no special licensing issue at the time that would have prevented Will County Jail from prescribing and dispensing Letairis. (*Id.* ¶ 32.) Green regularly coughed up blood and suffered from shortness of breath until he finally received Letairis in the summer of 2012. (*Id.* ¶ 33-34.) He filed a grievance about his inadequate medical care at Will County Jail but did not receive a ruling before his transfer to Dixon Correctional Center. (*Id.* ¶¶ 36-41, 54.)

As discussed above, Green filed his original complaint in the Western Division on June 28, 2013. (Dkt. No. 1.) His case progressed slowly—largely because of Green's own delays—until the court appointed Green counsel on July 28, 2014. (Dkt. No. 55.) On October 3, 2014, Green's counsel filed the Amended Complaint, naming Correct Care as a defendant for the first

time. (Am. Compl. at 1.) Correct care has moved to dismiss Green's claims against the company pursuant to Rule 12(b)(6) because, according to Correct Care, Green's claims are time-barred. (Dkt. No. 71.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

Correct Care's motion to dismiss provides only one basis for dismissal, which is that Green's claims against the company are barred by the applicable statute of limitations. (Dkt. No. 71 at 2-3.) The statute of limitations is an affirmative defense and typically inappropriate as a basis for dismissal under Rule 12(b)(6). *Doe* v. *GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003).

There is an exception to this general rule, however, if the allegations set forth in the complaint plainly reveal that an action is untimely. *United States* v. *Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Green's claims arise under 42 U.S.C. § 1983. Because Section 1983 itself does not provide an explicit statute of limitations, courts adopt the statute of limitations for personal injury in the state where the injury occurred. *See Savory* v. *Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (collecting cases). In Illinois, the limitations period for § 1983 claims like Green's is two years. *Id.*

Green's alleged injury began on November 1, 2011 and ended, at the latest, on August 30, 2012. So the limitation period expired on August 30, 2014, a little more than one month before Green filed his Amended Complaint naming Correct Care for the first time as a defendant. Thus, absent a basis to toll the limitations period or otherwise extend the statute, Green's claims against Correct Care are time-barred.

Correct Care's concise motion fails to address the most obvious means of extension—relation back. Under Federal Rule of Civil Procedure 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)-(C).

The Supreme Court has stated "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the newly-named defendant] as the proper defendant, but whether [that defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski* v. *Costa Corciere S.p.A.*, 560 U.S. 538, 548 (2010). In other words, "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing [his] original complaint." *Id.* at 548. The Seventh Circuit has held the same:

> [t]he only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph* v. *Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011).

Correct Care's failure to address Rule 15(c)(1) is especially curious since its codefendants in another case confronted the same issue earlier this year. In *Goldsmith* v. *Correct Care Solutions*, No. 12 C 3738, 2014 WL 3377058 (N.D. Ill. July 10, 2014) (Kennelly, J.), a prisoner plaintiff sought to amend his § 1983 complaint to add deliberate indifference claims against three new defendants. There, as here, more than two years had passed since the events underlying the plaintiff's claims and the three new defendants moved to dismiss the amended complaint based on a statute of limitations defense. *Id.* at * 2. Judge Kennelly denied the motion and noted that the circumstances illustrated why dismissal under Rule 12(b)(6) based on a limitations defense is uncommon. *Id.* at *3. In ruling on a motion to dismiss, the court must confine its analysis to the complaint or, where applicable, the amended complaint. Neither document typically sheds light on the question of what the newly-named defendants knew or

reasonably should have known at an earlier point in time, which is a question the court must answer under Rule 15(c)(1). *Id.*

Judge Kennelly's reasoning in *Goldsmith* applies with equal force in this case. Neither Green's original complaint nor his Amended Complaint examines what Correct Care knew or should have known during the Rule 4(m) period after Green filed his lawsuit. Green was not obligated to include such information in his Amended Complaint because timeliness is an affirmative defense, which a plaintiff is not required to "plead around." *GTE Corp.*, 347 F.3d at 657. Correct Care's motion similarly omits a discussion of its knowledge, but that would not have changed the outcome. The court must accept as true all well-pleaded facts and draw all possible inferences in Green's favor, including the inference that Correct Care knew or should have known that Green—a *pro se* litigant—would have named Correct Care in his original complaint had he not erred. As Judge Kennelly determined in *Goldsmith*, "[d]ismissal based on the contrary proposition would be inappropriate." *Goldsmith*, 2014 WL 3377058, at *3. Correct Care's motion to dismiss based on its statute of limitations defense is therefore premature. Given the information presently before the court, it must be denied.

## CONCLUSION

For the reasons explained above, defendant Correct Care Solutions, LLC's "Rule 12(b)(6) motion to dismiss the plaintiff's amended complaint" [71] is denied. The court requests that Correct Care file its Answer to the allegations against it on or before 12/19/2014 and the case shall proceed to discovery. All of the parties, including Correct Care, participated in a Rule 26(f) conference on 11/5/2014 and agreed to provide their initial disclosures by 11/21/2014, in advance of the court's ruling on Correct Care's motion to dismiss. (Dkt. No. 76.) The court previously adopted the parties' agreed upon date of 5/31/2015 for the close of fact discovery.

(Dkt. Nos. 74, 76.) The court now adopts the remainder of the agreed discovery schedule set forth in the parties' Form 52. (Dkt. No. 74.) Expert reports are due on 6/30/2015, rebuttal export reports are due on 7/31/2015, and expert discovery shall close on 8/31/2015. The court encourages the parties to focus their initial fact discovery on the information that will best assist them in their consideration and discussion of settlement, and requests that fact discovery to evaluate settlement be completed by 3/3/2015. The case is set for a report on the status of discovery and the parties' settlement discussions at 9:00 a.m. on 3/10/2015.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: December 5, 2014